IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ASHLEY LYNN KING, | * |
| Plaintiff, | * |
| v. | * |
| SEATON ANDREW KREYER, | *     Civil No. 24-2987-BAH |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending in the Circuit Court for Worcester County, Maryland, is Case No. C-23-FM-19-000561, a divorce and custody proceeding between Plaintiff Ashley Lynn King ("King") and Defendant Seaton Andrew Kreyer ("Kreyer" or "Defendant").[1]  Kreyer removed this action to the United States District Court for the Eastern District of Tennessee.  *See* ECF 1.  The Eastern District of Tennessee transferred the case to this District.[2]  ECF 11.  For the reasons noted below, the Court remands this case back to the Circuit Court for Worcester County.

---

[1] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  The Court takes judicial notice that King filed a complaint for absolute divorce and related relief against Kreyer on December 19, 2019, that the case was reopened on February 6, 2024, for considerations of modifications to the custody determination of a minor child, and that the case remains open with a modification hearing scheduled to begin on December 11, 2024.  *See* Case Information, Case No. C-23-FM-19-000561, Maryland Judiciary Case Search, available at https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=C23FM19000561&loc=49&detailLoc=ODYCIVIL (last visited Oct. 15, 2024).

[2] At the time of transfer, Defendant's second motion for leave to proceed in forma pauperis, ECF 10, remained pending.  As the Court finds that it does not have subject matter jurisdiction over the case, it will deny the motion as moot.

The Court will remand this action back to state court.  As an initial matter, Defendant has not timely removed this action, as cases must generally be removed within thirty days of service of the initial complaint.  *See* 28 U.S.C. § 1446(b)(1).  The underlying complaint for absolute divorce was filed on December 19, 2019.  The case was reopened February 6, 2024.  Defendant filed this notice of removal on August 30, 2024.  *See* Case Information, Case No. C-23-FM-19-000561, Maryland Judiciary Case Search, available at https://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=C23FM19000561&loc=49&detailLoc=ODYCIVIL (last visited Oct. 15, 2024).  Defendant has not explained the basis for the delay.

Moreover, and more significantly, the Court does not have subject matter jurisdiction over this action.  Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  The Court must have subject matter jurisdiction either based on diversity of citizenship or a federal question.  28 U.S.C. §§ 1331, 1332(a)(1).  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy over $75,000.  28 U.S.C. § 1332(a)(1). Federal question jurisdiction is determined "by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[A] case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original).  The Court may *sua sponte* remand an action to state court at any time if it determines that it lacks subject matter jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008); *see also Hertz Corp. v. Friend*,

559 U.S. 77, 94 (2010) (noting that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant contends that "allegations of local corruption, judicial misconduct, and gross negligence on the part of the court-appointed Best Interest Attorney in the Circuit Court of Maryland for Worcester County" warrant removal of this family law matter to federal court.  ECF 1, at 2 ¶ 2.1. Removal is proper, Defendant contends, because this case implicates "federal questions regarding his right to a fair and speedy trial, as guaranteed by the U.S. Constitution, due to the improper influence of the local businessman, which has created the appearance of a corrupted local court system."  *Id.* at 3 ¶ 2.5.  Defendant appears to invoke both diversity and federal question jurisdiction.  *See id.* at 1 ¶ 1.1 ("This action is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship), as the parties are citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."), at 3 ¶ 2.5 (asserting that "there are federal questions regarding his right to a fair and speedy trial").

The Court does not have diversity jurisdiction.  While Plaintiff and Defendant appear to be citizens of different states, Defendant has failed to establish that the amount in controversy is met here.  The Court takes judicial notice that the complaint for absolute divorce, the initial pleading, does not demand monetary relief.  As such, Defendant "may assert the amount in controversy" in the notice of removal.  *See* 28 U.S.C. § 1446(c)(2)(A)(i).  Defendant, however, does not assert any specific amount in controversy in the notice of removal, only that it exceeds the threshold amount. Such a vague recitation of the requirements for diversity jurisdiction is insufficient to establish that

3

this Court has diversity jurisdiction over this case. Nor does the Court possess federal question jurisdiction despite Defendant's attempt to manufacture it by claiming that federal constitutional considerations are implicated. *See Caterpillar*, 482 U.S. at 392–93. Further, the Sixth Amendment right to a speedy trial applies to *criminal* proceedings, not civil ones. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."). Thus, the Court possesses neither diversity nor federal question jurisdiction.

Further, federal courts typically do not weigh into matters of family law. This area of the law traditionally has been reserved to the state or municipal court systems, which have the expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under "the domestic relations exception" to federal jurisdiction, federal courts do not have the power to "determine alimony or support obligations, or decide child custody rights." *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) (no jurisdiction over custody disputes); *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (recognizing the "long established precedent that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters" (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980))). As noted, the Circuit Court for Worcester County has scheduled a hearing in December to consider custody modifications. Defendant has not established any basis for federal jurisdiction over the family law matters present in this case.

For these reasons, it is hereby ORDERED that:

(1) The case is REMANDED to the Circuit Court for Worcester County;

(2) Defendant's motion to proceed in forma pauperis, ECF 10, is DENIED AS MOOT;

(3) The Clerk is directed to MAIL a copy of this memorandum and order to Defendant; and

(4) The Clerk is directed to CLOSE this case.

Dated: October 16, 2024                                         /s/
                                                         Brendan A. Hurson
                                                         United States District Judge